**In re Thomas A. CRONK and Peggy R. Cronk, Debtors.**

**No. 90 B 30149.**

United States Bankruptcy Court, N.D. Illinois, W.D.

Aug. 29, 1990.

Philip H. Hart, Belvidere, Ill., for debtors.

Richard Cuellar, Office of the U.S. Trustee, Madison, Wis., for U.S. Trustee.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER,
Bankruptcy Judge.

The Court, on its own Motion pursuant to an Order dated June 15, 1990, initiated proceedings under Section 707(b) of the Bankruptcy Code.

At the initial hearing, the Court requested briefs from the Debtors, represented by Attorney Philip Hart, and the United States Trustee, represented by Attorney Richard Cuellar, on the question of whether the Court has the authority to revoke or vacate a Discharge Order in conjunction with proceedings brought under Section 707(b). Unless the Court can do so, it would appear that an Order dismissing the case pursuant to Section 707(b) would be meaningless because the dismissal would not abrogate the Discharge Order.

The Court's independent research produces no authority to the contrary, nor is any such authority cited in the briefs of counsel. Section 349 leaves the Discharge Order unaffected. *See, generally, In re Newton*, 64 B.R. 790, 793 (Bankr.C.D.Ill. 1986) (omission of section from Section 349(b) is significant). In *In re Depew*, Bankruptcy Judge Robert Grant stated:

> What Section 349(b) does not say is as significant as what it says. If Congress had truly intended for dismissal to completely undo the bankruptcy, as though it had never existed, it would have been simple enough to have said so explicitly. Section 349(b)(2) could then have read simply that dismissal vacates any order or judgment ever entered in the case.

115 B.R. 965 (Bankr.N.D.Ind.1990).

The brief submitted by the U.S. Trustee is well thought through, and there is a temptation to follow the rationale and adopt the conclusions therein. Nevertheless, for the following reasons, the Court declines to do so.

## REVOKING THE DISCHARGE ORDER

██ The revocation provisions of Sections 727(d) and (e) provide a remedy in response to extreme conduct by a debtor. The Committee Note to the Proposed Amendments to Bankruptcy Rule 1017(e) states, in relevant part:

> If matters relating to substantial abuse are not discovered within the time period in subsection (e) because of the debtor's false testimony, refusal to obey a court order, fraudulent schedules or other fraud, and the debtor receives a discharge, the debtor's fraudulent conduct may constitute the basis for revocation of the discharge under § 727(d) and (e) of the Code.

This suggests that revocation of a discharge order may be available as an alternative to Section 707(b) in the event the discharge order has already been entered. Here, there is no evidence of false testimony or fraud, and it would appear that Sections 727(d) and (e) are neither available

nor applicable. That conclusion is supported by the absence of an Adversary Proceeding seeking such relief.

## VACATING THE DISCHARGE ORDER

 While the Court recognizes the broad discretion and authority of a bankruptcy court to vacate its orders, as outlined in the U.S. Trustee's brief, there are countervailing circumstances applicable to a discharge order in bankruptcy that restrain the use of such discretion and authority here.

The need for finality of a discharge order is not to be lightly regarded. To permit a bankruptcy court to casually vacate its discharge orders in aid of a Section 707(b) Motion would diminish the "sanctity" of such orders, and create an intolerable uncertainty about their finality.

Moreover, there are procedures available that would enable the court or the U.S. Trustee to bring a Section 707(b) Motion prior to entry of a discharge order, and to postpone entry of the discharge order pending an outcome of the Section 707(b) proceedings.

Only two entities can bring a Section 707(b) Motion: the court and the U.S. Trustee. Many judges, understandably, are reluctant to become the movant in their own court, and decline the invitation to do so extended to them by Congress in Section 707(b). Those who choose to do so should take whatever steps are necessary to apprise themselves of the debtor's circumstances by reviewing the voluntary petition before the discharge order is entered.[1] Beyond that, quite frankly, there is little that judges can do. Occasionally, information might come fortuitously to a court's attention at a hearing in a case prior to the entry of a discharge order. A more consistent procedure should be employed.

The U.S. Trustee, working through its appointed Chapter 7 Trustee, has available not only a debtor's voluntary petition, but also the testimony illicited at the Section 341 Meeting. A consistent procedure is, therefore, more readily available to the U.S. Trustee than to the Court.

The Committee Note to the Proposed Amendments to Rule 1017(e) states in relevant part:

In general, the facts that are the basis of a motion to dismiss under § 707(b) of the Code exist at the time the case is commenced and usually may be discovered early in the case by reviewing the debtor's schedules and examining the debtor at the meeting of creditors.

The Proposed Amendments to Rule 1017(e) would provide, for the first time, a time limit within which a Section 707(b) Motion may be brought, but it does not appear that the new time limit solves the problem encountered here. Ordinarily, a discharge order can and will be entered promptly after sixty days following the first date set for the Section 341 Meeting. See Rule 4004. The proposed new rule would allow a Section 707(b) Motion to be brought not later than sixty days after the debtor's *first appearance* for examination, pursuant to Section 341(a).

Therefore, in those instances where the debtor's first appearance is at a continued Section 341 Meeting, a discharge order may have already been entered before the Rule 1017(e) time limit expires. Perhaps the rules makers should consider a revision of the rules that would eliminate this "loophole."

\* \* \* \* \* \*

There may be circumstances in which a discharge order should be vacated as described in the U.S. Trustee's brief. But this should be done, as in revoking a discharge order, only if the conduct of the debtor was in some way misleading, deceptive, or otherwise reprehensible.

If, for instance, a debtor had indicated in his (or her) Statement of Intent and in his testimony at the Section 341 Meeting that he did not intend to reaffirm any debts, and

---

**1.** At a meeting of Bankruptcy Judges which this Court attended in the spring of 1990, approximately twenty-five Bankruptcy Judges in attendance were informally asked how many reviewed the voluntary petitions in Chapter 7 with Section 707(b) in mind. Only one Judge responded affirmatively.

that he was surrendering possession of luxury goods to his secured creditors, there would be no information available to the court or to the U.S. Trustee that would have prompted a motion under Section 707(b). Had the debtor then acted contrary to his stated intentions and sworn testimony, a basis for vacating the discharge order might exist.

Therefore, the door should be left open for the exercise of discretion, and no absolute rule should be formulated. In any event, that issue is not before the Court today.

Here, the Debtors reaffirmed several debts, including two debts in excess of $20,000 secured by late model vehicles. Facially, it would appear that a more modest transportation system would enable the Debtors to repay all or a substantial part of their unsecured debt. In effect, the Debtors are utilizing Chapter 7 to compel their unsecured creditors to finance their late model vehicles. Arguably, this constitutes a "substantial abuse" of Chapter 7.

Although the Court first learned of these facts at the discharge hearing, after the Discharge Order had been entered, at no time did the Debtors conceal or mislead the Court, or the Chapter 7 Trustee, about their intentions. In their Statement of Intent they disclosed their intent to reaffirm certain debts, including the debt on their two late model vehicles. The information which might have brought about a Section 707(b) Motion was there for all to see.

## CONCLUSION

■ The Court concludes that unless there are extraordinary circumstances, including conduct by the Debtors which is misleading or deceitful, a court should not vacate a discharge order in aid of a Section 707(b) Motion. No such circumstances exist here. Accordingly, this Court will refrain from dismissing this case under Section 707(b) and will refrain from exercising any available discretion provided under Section 105 or Rule 9024.

An Order consistent with this Memorandum Opinion is filed herewith.

## ORDER

In accordance with the Memorandum Opinion filed herewith, it is

ORDERED that the proceedings under Section 707(b), initiated by this Court's Order of June 15, 1990, are DISMISSED.